**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 0:20-cv-60504-CIV-ALTMAN/HUNT**

NORTHSIDE CHIROPRACTIC, INC.,
a Florida corporation; DOC TONY
WESTSIDE CHIROPRACTIC, LLC,
a Florida limited liability company;
SOUTHSIDE CHIROPRACTIC CENTRE,
INC., a Florida corporation; and DOC
TONY CLAY CHIROPRACTIC, INC.,
a Florida corporation,

    Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, an Illinois corporation;
and STATE FARM FIRE & CASUALTY
COMPANY, an Illinois corporation,

    Defendants.
_____/

**STATE FARM'S REPLY IN SUPPORT OF MOTION TO DISMISS**

    Defendants State Farm Mutual Automobile Insurance Company and State Farm Fire & Casualty Company ("State Farm") hereby submit this Reply in Support of the Motion to Dismiss [Doc. 12] (the "Motion") and in opposition to Plaintiffs' Response [Doc. 14] (the "Response").

**INTRODUCTION**

    Plaintiffs' Response is an exercise in distraction and contradiction that demonstrates precisely why this case should be dismissed. Plaintiffs do not seek to defend the Complaint they filed. Instead, they seek to use their Response to change the allegations and relief sought in the Complaint, while simultaneously asserting that State Farm "admits" their allegations and the validity of the relief. For example, Plaintiffs assert that State Farm threatened them with a "massive federal lawsuit" and argue that they "merely" seek a declaration forbidding State Farm from alleging as "fact" its "opinion" regarding inferences to be drawn from statistical analyses. But, the Complaint contains no allegations of a "threat" from State Farm, and the relief sought in the Complaint goes beyond Plaintiffs' characterization, as it asks this Court to preclude State Farm

from ever using any statistical analyses as evidence of fraud. Nor did State Farm "admit" the "appropriate[ness]" of the Complaint; if it had, then Plaintiffs certainly would not seek to amend the Complaint in their Response, a tactic this Court repeatedly has held to be improper. *Dykstra v. Fla. Foreclosure Attorneys, PLLC*, 2015 WL 631026, at *2 n.1 (S.D. Fla. Feb. 12, 2015). Plaintiffs' entire Response is based on allegations that do not appear in the Complaint.

It follows, then, that Plaintiffs' attempts to differentiate the myriad cases cited in the Motion, such as *Moynihan* and *Pediatrix*, on fictional allegations of threats and made-up requests for relief lack merit. Further, faced with the overwhelming cases cited in the Motion, Plaintiffs fail to offer a single citation suggesting that a plaintiff has standing or can seek similar relief where an insurer is merely conducting an investigation or the plaintiff requests a blanket declaration involving factual determination regarding the import of statistical analyses. Instead, Plaintiffs rely on intellectual property cases that Plaintiffs' own citations show are inapposite here. In short, the law is firmly against Plaintiffs.

At bottom, the Complaint Plaintiffs filed remains premature, raises improper factual disputes not appropriate for resolution in a declaratory judgment action, and fails to state a plausible claim under *Twombly*. The Court should dismiss the Complaint.

## ARGUMENT

### I. Plaintiffs Cannot Amend Their Complaint Through Arguments In Their Response

"[A] plaintiff cannot amend the complaint in [the] brief in opposition to a motion to dismiss." *Dykstra*, 2015 WL 631026, at *2 n.1 (citing *Car Carriers v. Ford Motor Co.*, 745 F. 2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.")); *Harris v. Sch. Bd. of Broward Cty.*, 2012 WL 882610, at *2 (S.D. Fla. Mar. 15, 2012) (same). Nevertheless, Plaintiffs are attempting to do just that.

Plaintiffs repeatedly assert that they make allegations and seek declarations that appear nowhere in the Complaint. For example, Plaintiffs contend that State Farm has threatened to file a "massive fraud lawsuit" against them. *E.g.*, Resp. at 8, 13. However, Plaintiffs cite only to allegations of what they contend is a general practice used in other situations. *Id.* Plaintiffs do not allege any threat by State Farm to file suit against them (nor could Plaintiffs do so consistent with Rule 11). Instead, Plaintiffs' Complaint alleges that State Farm is conducting an investigation regarding Plaintiffs' treatment and billing practices and requested a meeting with Plaintiffs to discuss what appear to be statistical anomalies. Motion at 6 (citing Compl. at ¶¶ 164-67).

In the same vein, Plaintiffs assert they seek a declaration that "State Farm's *opinion* about the import of statistical similarities is not 'factual content' sufficient to render plausible the accusations of fraud State Farm has made," which "will prevent State Farm from offering its *opinion* in pleadings as an established fact worthy of the Court's acceptance as true."  Resp. at 1, 7, 8, 13, 15, 17 (arguing in various formulations that Plaintiffs seek a declaration preventing State Farm from asserting its "opinion" regarding statistical evidence of fraud as "fact" in any court proceeding).  But, the actual Complaint states:

- "Plaintiffs . . . seek a declaration that mere statistical patterns of treatment and diagnoses across the universe of State Farm insureds treated by Plaintiffs cannot demonstrate that treatment provided to any one such patient was 'nonindividualized' and/or fraudulent;" and

- "Plaintiffs further seek a declaration that payments for future services of Plaintiffs cannot be denied based solely on their statistical similarity to past services."

Compl. ¶¶ 179-80.[1]  Plaintiffs also allege that "State Farm should [ ] be enjoined entirely from using retrospective statistical analyses and/or patterns of treatment and diagnoses across a universe of patients as the sole basis upon which to deny payments owed to Plaintiffs under Florida's PIP statute."  *Id*. ¶ 182.  Thus, the declarations and injunction Plaintiffs seek in their Complaint are far broader than Plaintiffs' characterization of those requests in their Response.

Plaintiffs' reliance on phantom allegations permeates every facet of the Response, rendering each of their arguments fatally flawed.  Thus, the Response does nothing to combat State Farm's entitlement to dismissal, and essentially concedes that the Complaint is deficient.

## II. Plaintiffs' Claims Are Premature, And Plaintiffs' Arguments To The Contrary Are Founded On Mischaracterizations Of The Complaint And The Law

State Farm's Motion explained that Plaintiffs lack standing to pursue this case because they do not allege a real, defined, and immediate threat of injury.  Motion at 7-10.  Plaintiffs' Complaint alleges only that State Farm is conducting an investigation of Plaintiffs' billing practices, conducted an analysis of those practices, and requested a meeting to gather additional information regarding Plaintiffs' treatment and billing practices.  *Id.* at 6 (citing Compl. ¶¶164-67).  Plaintiffs do not allege that State Farm has completed its investigation or threatened suit against Plaintiffs;

---

[1] Plaintiffs also "seek a declaration that State Farm's choice to wait months or years after paying its bills waives the right to challenge such payments as having been made as the result of fraud[.]"  Compl. ¶181.  This contradicts Plaintiffs' argument that they are not contending that State Farm is time-barred "from accusing [Plaintiffs] of fraud."  Resp. at 11.

3

State Farm merely asked for a meeting as part of its investigation into bills that have already been paid. *Id.* at 5-10. As a matter of law, such allegations are insufficient to show a ripe controversy among the parties. Motion at 7-10 (citing cases, including *Moynihan v. West Coast Life Ins. Co.*, 607 F. Supp. 2d 1336 (S.D. Fla. 2009)).

In their Response, Plaintiffs argue that they have standing because:

(1) "State Farm has threatened to file a massive federal fraud lawsuit against [Plaintiffs] and has indicated its intention to offer its opinion regarding the meaning of statistical similarities in Plaintiffs' past records as an established fact in order to make its accusations appear plausible" (*id.* at 8-9);

(2) State Farm has pursued claims against medical providers for fraudulent treatment and billing practices in another case (Resp. at 3, 4, 5); and

(3) If the Court does not allow Plaintiffs to proceed with this declaratory judgment case, they will never be able to present their theory that State Farm's statistical analyses do not provide a plausible inference of fraud (*id.* at 6).

Each of these arguments fail as a matter of fact and law.

**First**, Plaintiffs have not alleged that State Farm threatened to file suit against them. As State Farm's Motion explained, Plaintiffs' Complaint contains only a few allegations regarding the actual relationship among Plaintiffs and State Farm. Motion at 5-7. Those allegations do not claim that State Farm made threats against Plaintiffs, but instead, assert that State Farm is conducting a legally-mandated investigation and requested to speak with Plaintiffs. *Id.* at 5-7, 8-9. In fact, Plaintiffs' Complaint cites to and relies on a February 20, 2020 letter (Compl. ¶164), which contradicts their argument that State Farm has threatened a lawsuit. Ex. 1, attached hereto.[2] That letter states that State Farm "would like to speak with [Plaintiffs] … and attempt to amicably resolve, certain issues of concern pertaining to treatment and billings for services rendered by

---

[2] When plaintiffs refer to certain documents in the complaint and those documents are central to the plaintiffs' claim but the contents are not in dispute, the Court may consider them part of the pleadings for purposes of a motion to dismiss. *E.g.*, *Harris v. Ivax Corp.*, 182 F.3d 799 (11th Cir. 1999). Exhibit 1 satisfies these criteria. Moreover, the Court may consider an exhibit attached to a reply brief when, as here, it rebuts matters raised for the first time in the memorandum in opposition to a motion to dismiss. *See Giglio Sub s.n.c. v. Carnival Corp.*, 2012 WL 4477504, at *2-3 (S.D. Fla. Sept. 26, 2012); S.D. Fla. L. R. 7.1(c). As discussed above, Exhibit 1 rebuts the argument, raised for the first time in Plaintiffs' Response, that State Farm threatened them with a massive federal lawsuit.

4

[Plaintiffs] to [State Farm] insureds," and requests a "brief phone call to discuss scheduling[.]" *Id.* The rest of Plaintiffs' Complaint purports to allege facts about some general "scheme" that has nothing to do with any investigation of Plaintiffs. *Id.* at 5-7. Thus, Plaintiffs are asking the Court to infer a threat that the Complaint demonstrates was never made.

The cases upon which Plaintiffs rely also illustrate how Plaintiffs' allegations come nowhere close to demonstrating a live controversy. For instance, in *Carter*, the court dismissed for lack of standing a declaratory judgment case in which the defendant had threatened litigation, but the threats were neither "unequivocal" nor "uncompromising" because they involved an offer to settle. *State Farm Mut. Ins. Co. v.* Carter, 2008 WL 5740100, at *2-3, 11, 15-16 (W.D. Mich Oct. 28, 2008). In so doing, the Court explained that the plaintiff was "seek[ing] an order from th[e] court that it can brandish if [the defendant] ever asserts the threatened claims," but "[a]bsent a live, concrete case or controversy Article III of the Constitution prohibits this court from issuing such an order." *Id.* at *16. Here, Plaintiffs have not alleged anything close to the threat of litigation in *Carter* – Plaintiffs do not allege any threat and contend that State Farm will propose a settlement – and Plaintiffs ask this Court for the same type of order found to be improper there.

Another tell regarding the lack of merit to Plaintiffs' arguments is their focus on a single footnote in the Motion that has no bearing on the actual arguments at issue and the irrelevant procedural history of one case cited as part of a stringcite in the Motion. Resp. at 2-6. Neither State Farm's note about the manner in which it actually conducts fraud investigations, nor the prior allegations or arguments in *Carefree*, a single case among many that finds State Farm's use of statistical analysis proper, have any bearing on the issues presented in the Motion. They certainly are not the "foundation" of State Farm's arguments. *Id.* at 2.[3]

**Second**, Plaintiffs reliance on cases addressing standing to pursue declaratory judgments

---

[3] Plaintiffs acknowledge that the *Carefree* court found that State Farm stated a claim for relief using statistical analysis and "anecdotal references." Resp. at 5. Plaintiffs also claim that the declaration sought in their Response will not "affect State Farm's ability to use statistical analysis to ... prosecute fraud lawsuits." *Id.* at 1. Yet, at the same time, Plaintiffs request that State Farm's use of statistical analysis be deemed in every instance to fail the federal pleading standard. Resp. at 1, 7, 8, 13, 15, 17. It cannot be that courts repeatedly find that State Farm's statistical analysis is sufficient to support a claim, but Plaintiffs can obtain a declaration that State Farm's statistical analysis can never support a claim. And, unsurprisingly, Plaintiffs offer no explanation as to how State Farm could use its statistical analyses in prosecuting fraud cases in any court if it cannot even present allegations about those statistical analyses.

5

in patent and trademark disputes is misplaced. Resp. at 10-12. Those very cases recognize that the standing analysis in "intellectual-property disputes typically present a materially different situation than contract and tort disputes in the insurance context." *Carter*, 2008 WL 5740100, at *12 n.10. They also undercut Plaintiffs' arguments that the existence of lawsuits filed by State Farm against other providers necessitates the filing of a lawsuit here. In *Breckenridge Pharmaceuticals v. Everett Labs., Inc.*, this Court dismissed a declaratory judgment suit concerning a patent because the plaintiff lacked standing, even though the defendant had sued the same plaintiff, as well as several other entities, regarding different patents. 2009 WL 654214, at *3 (S.D. Fla. Mar. 11, 2009). The Court explained that "[a] prior suit premised on other patents cannot alone create a real and immediate controversy[.]" *Id.* at *3.[4]

**Third**, Plaintiffs' position overlooks the numerous opportunities they would have to present their position should the parties' dispute ever become ripe, including potentially filing a viable suit that seeks proper relief or asserting a counterclaim or defense. Plaintiffs also contradict themselves again by simultaneously arguing that they will be financially ruined by a fraud suit because of the attorneys' fees that would be expended in demonstrating that there was no fraud, while also arguing that they would be entitled to recover attorneys' fees for any suit in any way related to their assignment of PIP benefits. Resp. at 6, 17. In any event, even putting aside the legal impediments to the declarations Plaintiffs seek, they would still have to demonstrate a lack of fraud to obtain the relief they request, otherwise, the Court would be addressing a purely hypothetical case and providing an improper advisory opinion.

In short, regardless of the manner in which they attempt to cast their Complaint, it is clear that Plaintiffs are seeking a ruling by this Court based on a hypothetical allegation of fraud that

---

[4] Plaintiffs other citations do not help them. *Hill Dermaceuticals, Inc. v. Anthem, Inc.*, involves the dismissal of a declaratory judgment claim because the plaintiff did not allege sufficient facts for an underlying cause of action. 228 F. Supp. 3d 1292, 1299 (M.D. Fla. Jan. 18, 2017). *State Farm Mut. Auto. Ins. Co. v. Bates* and *American Ins. Co. v. Evercare* involve disputes over the interpretation of insurance contracts the likes of which courts address every day, and are nothing like the general, hypothetical declaration Plaintiffs seek here. 542 F. Supp. 807, 817 (N.D. Ga. June 30, 1982); 699 F. Supp. 2d 1355, 1359-60 (N.D. Ga. Mar. 8, 2010). *Geltech Solutions, Inc. v. Marteal, Ltd.* and *Sandisk Corp. v. STMicroeletronics, Inc.* are both intellectual property disputes that, by their very nature are inapposite, and involved real threats of litigation. 2010 WL 1791423, at *1, 5-6 (S.D. Fla. May 5, 2010); 480 F. 3d 1372, 1376, 1382 (Fed. Cir. 2007). Thus, in the face of the numerous, analogous cases cited and discussed in the Motion, Plaintiffs could not provide a single case even remotely suggesting that this case should not be dismissed.

State Farm has not made, and, in fact, may never make.

### III.  Plaintiffs Admit That Their Requested Declarations Raise Factual Disputes, Which Are Not Suitable For A Declaratory Judgment

State Farm's Motion explained that Plaintiffs' Complaint should be dismissed because it sought declarations that necessarily required the Court to make factual determinations regarding the probative value of State Farm's statistical analyses, which are part its legally-mandated fraud detection procedures. Motion at 10-14. In so doing, State Farm cited numerous, analogous cases from this Court and elsewhere in which plaintiffs, like Plaintiffs here, requested that a court resolve factual issues regarding the evidentiary weight of statistical analyses through blanket declarations. *Id.* (collecting cases). In particular, State Farm explained how this case is no different from the Court's dismissal in *Pediatrix*. *Id.* at 13-14 (citing 2018 WL 4997092 (S.D. Fla. Aug. 27, 2018)).

In response, Plaintiffs argue that, while they indeed ask the Court to make factual determinations, the factual determinations are "very narrow," because they seek a declaration that "would only prevent [State Farm's] opinion [regarding its statistical analyses] from being accepted as the factual content which would allow a court to draw the reasonable inference that Plaintiffs have committed fraud." Resp. at 13-15. Plaintiffs' argument is without merit, and if accepted would require an advisory opinion.

As explained above and in State Farm's Motion, Plaintiffs' Complaint seeks broad declarations that would preclude State Farm from using its statistical analyses as evidence of fraud. *Supra* at 3. That is far from the purportedly "narrow" declaration that Plaintiffs argue in their Response (which is also very far from being "narrow"). Thus, Plaintiffs' argument is factually inaccurate. And, regardless of the formulation Plaintiffs want to use, such declarations would require the Court to undertake innumerable factual inquiries, which this Court has repeatedly found are not proper in a declaratory judgment action. Motion at 10, 12-14. Indeed, even if Plaintiffs only sought a declaration preventing State Farm from alleging its "opinion" in a complaint, the Court would need to determine whether such an "opinion" is, as Plaintiffs contend, "irrelevant" in light of the context of each case by examining the facts involved. Plaintiffs admit this much in their Complaint when they acknowledge that in some instances chiropractic treatment for auto accidents is limited to a single body area. Motion at 16.

In addition, Plaintiffs offer no explanation as to how such relief could ever be crafted. How, for instance, could the Court craft a declaration or injunction distinguishing every potential

7

formulation of an allegation as either "fact" or "opinion," and order other courts (perhaps in this very district) to ignore such allegations regardless of the underlying facts. If State Farm, in another case, files a complaint in which it alleges that statistical anomalies in treatment and billing records are indicative of fraud, and the presiding judge construes those allegations to draw an inference of fraud, has State Farm violated the declaration or injunction Plaintiffs seek? Plaintiffs' own discussion of *Carefree* proves this point, given that the court there found State Farm's allegations regarding statistics and "anecdotal references" sufficient to meet Rule 8's pleading requirements. Moreover, if the Court, as Plaintiffs request, enters a declaration and injunction based on nothing more than a study referenced in the Complaint, divorced from any relationship or dealings among the parties, that would amount to an advisory opinion on a hypothetical dispute. Resp. at 15.[5]

Parties are always free to argue in a particular case that the court should not accept certain allegations because they are simply an "opinion." *West Palm Gardens Villas Condo. Ass'n, v. Aspen Specialty Ins. Co.*, 2012 WL 3017083, at *1 (S.D. Fla. June 25, 2012) ("While a court must accept well-pled facts as true, it need not assume the truth of conclusory allegations, nor are plaintiffs entitled to have the court view unwarranted deductions of fact or argumentative inferences in their favor."). Plaintiffs cannot, however, obtain a universal declaration that statistics can never be probative of fraud regardless of the underlying circumstances. This Court repeatedly dismisses such requests, even when they are aimed at an actual dispute, and it should do so again in this case. Motion at 10, 12-14.

### IV. Plaintiffs Fail To State A Plausible Claim Under *Twombly*, And Plaintiffs Do Not Seriously Argue Otherwise

State Farm's Motion explained that Plaintiffs' Complaint failed basic pleading requirements because numerous courts have found that State Farm's use of statistical analysis was sufficient to withstand legal challenges, and Plaintiffs have not alleged a single fact about any

---

[5] Plaintiffs appear to ask the Court to preclude State Farm from not only offering statistical analyses, but also any evidence of fraudulent claims whatsoever. Resp. at 5 ("Plaintiffs seek to demonstrate that substantial similarities in treatment, diagnoses, and test results … do not provide any plausible inference of fraud as to the treatment of any patient within the universe, ***whether the statistics are offered alone or in conjunction with anecdotal references to just a few patients***.") (emphasis added). What if the "anecdotal references" consisted of patients admitting that they did not receive the treatment that was billed, and statistical anomalies showed that fraud, as well as potentially similar fraud with other patients? Minimal scrutiny shows the folly of Plaintiffs' requests. A declaration or injunction prejudging what State Farm can and cannot assert in a legal proceeding would also likely run head first into significant First Amendment prior restraint issues.

claim that they contend is valid or even in dispute here. Motion at 14-17. In addition, State Farm explained that, when stripped of its conclusory rhetoric, Plaintiffs had simply described State Farm's compliance with its Florida-mandated fraud detection procedures, which could not be made actionable simply through Plaintiffs' irrelevant, *ad hominem* attacks. *Id.* at 17-19.

Plaintiffs make no real effort to dispute State Farm's arguments. Instead, they merely attempt to distinguish *Hanson* based on its procedural history. However, Plaintiffs' effort is to no avail. Resp. at 15-17 (citing 2017 WL 3189026 (W.D. Wash. July 27, 2017)). In *Hanson*, the court explained that the plaintiffs' conclusory mischaracterizations of State Farm's fraud investigation could not turn its compliance with the law into actionable conduct. Motion at 17-19. State Farm quoted *Hanson* at length, and the Court can easily determine its import here, so State Farm will not belabor the point. Moreover, Plaintiffs overlook that their discussion of *Carefree* demonstrates exactly why they have not alleged a viable claim, *i.e.*, the need for facts concerning the PIP claims at issue to state a claim.

**V.     Plaintiffs Do Not Allege A Viable Basis For The Recovery Of Attorneys' Fees**

State Farm's Motion sought to strike Plaintiffs' request for attorneys' fees because their sole claim under the Declaratory Judgment Act cannot, as a matter of law, support such a request. Motion at 19-20. Plaintiffs argue that attorneys' fees are recoverable here under Fla. Stat. § 627.736(8), without any analysis of why or how this case, which requests only declarations regarding the use of statistics, has anything to do with Fla. Stat. §§ 672.730-7405. Resp. at 17. This case does not fall under that statutory scheme.

Assuming *arguendo* that Plaintiffs obtain the declaration(s) they seek here, nothing would change regarding any PIP payment already made by State Farm to Plaintiffs. Plaintiffs do not allege that any PIP payment was withheld or underpaid. Plaintiffs simply cite to the statutory scheme in discussing the history of the PIP statute; they make no claims under that statute that would allow for the recovery of fees. *Progressive Am. Ins. Co. v. Rural/Metro Corp. of Fla.*, 994 So. 2d 1202, 1209 (Fla. 5th DCA 2008) ("By its plain meaning, [Fla. Stat. § 627.736(8)] merely recognizes that the right to attorneys' fee for wrongfully withheld insurance proceeds applies in litigation over PIP benefits," and "does not provide an independent right to attorneys' fees.").

**CONCLUSION**

For the foregoing reasons, Plaintiffs' complaint for declaratory judgment should be dismissed and their request for attorneys' fees should be stricken.

Respectfully submitted                    *s/ Benjamine Reid*_____
                                          Benjamine Reid
                                          Florida Bar No. 183522
                                          Clifton R. Gruhn
                                          Florida Bar No. 72542
                                          CARLTON FIELDS, P.A.
                                          100 Southeast Second Street
                                          Suite 4200
                                          Miami, Florida  33131-9101
                                          Telephone:  (305) 530-0050
                                          Facsimile:   (305) 530-0055
                                          Email:  bried@carltonfields.com
                                          Email: cgruhn@carltonfields.com

                                          D. Matthew Allen
                                          Florida Bar No. 866326
                                          CARLTON FIELDS, P.A.
                                          Corporate Center Three
                                          at International Plaza
                                          4221 W. Boy Scout Boulevard
                                          Suite 1000
                                          Tampa, FL 33607
                                          Telephone:     (813) 223-7000
                                          Facsimile:     (813) 229-4133
                                          Email:  mallen@carltonfields.com

                                          ***Attorneys for Defendants State Farm Mutual
                                          Automobile Insurance Company and State Farm
                                          Fire & Casualty Company***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of May, 2020, I filed a true and correct copy of the foregoing with the Clerk of the Court through the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

>*/s/ Benjamine Reid*
>Attorney

122345588.5