**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-60504-CIV-ALTMAN/Hunt**

**NORTHSIDE CHIROPRACTIC, INC.,** *et al.,*

    *Plaintiffs*,

v.

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,** *et al.*,

    *Defendants*.
_____/

**ORDER TO SHOW CAUSE**

The Plaintiff alleges that this Court may exercise subject-matter jurisdiction over this case, under 28 U.S.C. § 1332, because there is complete diversity between the parties and the amount in controversy exceeds $75,000.[1] *See* Complaint [ECF No. 1] ¶¶ 13–24. But the Plaintiffs have failed to (1) address whether there is complete diversity between the parties or (2) provide more than a conclusory allegation that the amount in controversy exceeds $75,000.

District courts have original jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and the suit is between citizens of one state and citizens or subjects of a foreign state. *See* 28 U.S.C. § 1332(a). "When a plaintiff asserts diversity jurisdiction, it has the burden to prove that there is complete diversity." *Tvestments, Ltd v. L.K. Station Grp., LLC*, 2008 WL 4613070, at *1 (S.D. Fla. Oct. 16, 2008). "[L]ike a limited partnership, a limited liability

---

[1] "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). It is the Court's responsibility to "zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). Thus, to "sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership." *Id.* at 1022; *see also Tvestments*, 2008 WL 4613070, at *1 (dismissing complaint where the plaintiff "failed to list the citizenships of all the members of each limited liability company" defendant).

Here, although a Plaintiff—Doc Tony Westside Chiropractic, LLC ("Doc Tony LLC")—is a limited liability company, the Complaint does not indicate the citizenships of that limited liability company's members. The Complaint only avers that Doc Tony LLC is "a Florida limited liability company owned by Dr. Crothers and located at 5964 Normandy Blvd., #2, Jacksonville, Florida," and that "[a]ll billing and administrative work performed on behalf of the Plaintiff entities, including all billing submitted to State Farm, occurred at 5530 SW 186th Street, Southwest Ranches, Broward County, Florida, where Plaintiffs maintain their principal place of business." Compl. [ECF No. 1] ¶¶ 14, 17.  But the Complaint does not say whether Doc Tony LLC has other members or what state(s) those members are citizens of. As a result, the Plaintiff has not established complete diversity.

With respect to the amount in controversy, the Court generally owes some deference to a plaintiff's conclusory damages allegations. *See, e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). But, once challenged, either by the Court or by the opposing party, "a conclusory allegation that the amount in controversy requirement is satisfied [is] insufficient to sustain jurisdiction." *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1273 (11th Cir. 2000). "[W]here jurisdiction is based on a claim for indeterminate damages, the . . . party seeking to

invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003).

Here, the Plaintiffs make only the most conclusory allegations about the amount in controversy. Specifically, they claim that the amount in controversy "greatly exceeds $75,000," Compl. [ECF No. 1] ¶ 8, and that "the value of the rights Plaintiffs seek to protect and the extent of the injuries Plaintiffs seek to prevent exceeds $75,000 exclusive of interest, costs, and attorneys' fees." *Id*. ¶ 24.  The Complaint also discusses the amounts of certain statutorily required No-Fault Benefits, *Id*. ¶¶ 31-34, and State Farm's own financial success, *Id*. ¶¶ 50-53, 56, but does not share any other information about the actual amount in controversy.

Accordingly, the Court hereby

**ORDERS** the Plaintiffs to **SHOW CAUSE** by **July 15, 2020** why this case should not be dismissed for lack of subject-matter jurisdiction. Any response must include: (1) a complete list of Doc Tony LLC's members and their respective citizenships; and (2) competent proof to establish, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Failure to comply will result in dismissal without further notice.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 10th day of July 2020.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record